# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD JAMES PLEMEL,

                Petitioner,

v.

MARINETTE DISTRICT COURT,

                Respondent.

Case No. 20-CV-200-JPS

**ORDER**

      On February 10, 2020, petitioner Ronald James Plemel filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1). Petitioner also filed a motion for leave to proceed without prepayment of the filing fee. (Docket #2). The petition alleges that Petitioner has suffered a violation of his due process rights under the Fourteenth Amendment and his right to a speedy trial and adequate representation under the Sixth Amendment. (Docket #1 at 3, 11). He explains that a bench warrant issued for him in Marinette County, Wisconsin on August 23, 2019, but he was never given an initial appearance date or an attorney. *Id.* at 11. He "petitioned [the] court for representation, removal of bench warrant, and [a] court date" but was denied. *Id.* at 10. He has yet to appear in Marinette County court on the bench warrant. *Id.* He tried to sign a waiver of extradition to Marinette County—he is currently held in Michigan—and was told that he was on a hold. *Id.* at 11.

      According to publicly available records, a complaint was filed on August 28, 2019 in Marinette County charging Petitioner with one count of second-degree sexual assault of a child. Marinette County Circuit Court Case No. 2019CF164 *available at* https://wcca.wicourts.gov. On September

23, 2019, a bench warrant issued. On October 23, 2019, after Petitioner's new address was registered with the court, another arrest warrant issued. On January 6, 2020, the warrant was cancelled. There is no indication that Petitioner raised the issue of his allegedly unconstitutional confinement in the Wisconsin state court proceeding.

Section 2241 allows pre-trial detainees to challenge their continued confinement. However, as the Seventh Circuit explains, Section 2241 petitions offer very limited avenues for relief:

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). *See also* [*Younger v. Harris*, 401 U.S. 37, 43 (1971)]. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, **and only after the petitioner has exhausted state-court remedies**.

*Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (emphasis added); *Tran v. Bartow*, 210 F. App'x 538, 540 (7th Cir. 2006). While Petitioner has alleged a violation of his right to a speedy trial, it does not appear that he has exhausted his state-court remedies. A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all

claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, there is no evidence that Petitioner sought review of his allegedly unconstitutional confinement from the highest court in Wisconsin. On these grounds alone, this Court must deny the petition. However, it also appears that Petitioner's warrant was cancelled earlier this year—thereby mooting the primary issue in his petition.

As to Petitioner's contentions that his case should be dismissed due to insufficient evidence and constitutional rights violations, the Court is unable to hear those claims. Section 2254 only permits a prisoner to challenge "the judgment of a State court[.]" 28 U.S.C. § 2254(a). No judgment has been entered in his case.

Rule 1(b) of the Rules Governing 2254 Cases provides that a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)" i.e., Section 2254 petitions. Therefore, the Court will apply these rules to this Section 2241 case to determine whether to issue a certificate of appealability. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right"

by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge